IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>)<br>WESLEY ROY WILSON,  )<br>)<br>Defendant.  ) | No. 3:19-CR-111-TAV-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on the Motion of Defendant Wesley Wilson to Continue Plea Deadline and Trial Date [Doc. 12], filed on February 17, 2020, and asking to continue the March 31, 2020 trial date, as well as the plea deadline in this case. Defendant Wilson requests a continuance to give his attorney additional time to resolve pretrial matters before the plea deadline. The motion relates that the Government does not object to the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of August 18, 2020.

The Court finds the Defendant's motion to continue the trial and other deadlines to be unopposed by the Government and to be well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 1] charges Defendant Wilson with two counts of making a false statement in the acquisition of a firearm. The Defendant first appeared in this case on October 24, 2019, and at that time, the Court appointed [Doc. 6] Attorney Jamie

Poston Hughes to represent him. The Defendant states that although counsel has been in negotiations with the Government, counsel needs additional time to resolve other pretrial matters before the expiration of the plea deadline in this case. If plea negotiations are not fruitful, counsel for Defendant Wilson will also need time to investigate the facts, interview witnesses, and prepare the case for trial. The Court finds that without a continuance, defense counsel will not have the reasonable time necessary to prepare for trial, despite counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's unopposed motion [**Doc. 12**] to continue the trial date is **GRANTED**, and the trial is reset to **August 18, 2020**. The Court finds that all the time between the filing of the motion for a continuance on **February 17, 2020**, and the new trial date of **August 18, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets the following new schedule in this case: The new deadline for concluding plea negotiations and providing reciprocal discovery is **July 17, 2020**. All motions *in limine* must be filed no later than **August 3, 2020**. Requests for special jury instructions shall be submitted on or before **August 7, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

> (1) The Motion of Defendant Wesley Wilson to Continue Plea Deadline and Trial Date [**Doc. 12**] is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **August 18, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;
>
> (3) All time between the filing of the motion on **February 17, 2020**, and the new trial date of **August 18, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **July 17, 2020**;

(5) Motions *in limine* must be filed no later than **August 3, 2020**; and

(6) Special requests for jury instructions with appropriate citations shall be filed on or before **August 7, 2020.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge